(109 So. 530)

**SMITH et al. v. STATE. (7 Div. 182, 183.)**

(Court of Appeals of Alabama. Aug. 31, 1926.)

1. **Criminal law** ⬅984.

Judgment on verdict of guilty as charged *held* not subject to objection, though as to one of two counts affirmative charge had been given defendants.

2. **Criminal law** ⬅564(2)—It is enough that there is evidence from which jury can infer venue.

It is not necessary to prove in express terms that the offense was committed in county of trial, but it is enough that there is sufficient evidence from which jury could infer it.

**3. Criminal law ⚙⟹737(2).**

Evidence tending to show commission of crime within jurisdiction of court, venue is question of fact for jury.

**4. Criminal law ⚙⟹829(1).**

It is enough that charges given covered fairly and substantially such of refused charges as contained correct statements of law.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Oscar and Joe Smith were convicted of violating the prohibition laws, and they appeal. Affirmed.

Hugh Reed, of Center, for appellants.

The conviction for distilling was erroneous. Meadows v. State, ante, p. 72, 105 So. 428. Evidence as to venue was improperly admitted. Dossett v. State, 19 Ala. App. 496, 98 So. 359; Pate v. State, 20 Ala. App. 358, 102 So. 156.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Evidence as to the location of the still was properly admitted. Bufkins v. State, 20 Ala. App. 157, 103 So. 902. The adjudication is not an essential part of the judgment entry as the sentence itself implies an adjudication of guilt. Casey v. State, 19 Ala. App. 317, 97 So. 165.

BRICKEN, P. J.   At the written request of defendants, the court gave the affirmative charge in their favor as to the first count of the indictment which charged them with the offense of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. There being no evidence to sustain the charge contained in said count, the court properly directed the jury that they could not convict them upon said charge.

[1] Each of the defendants, however, was convicted by the jury who returned the verdict of, "We the jury find the defendant guilty as charged in the indictment." The indictments contained two counts and there was sufficient evidence to sustain the charge contained in the second count. The objection here interposed to. the judgment entry and the insistence made in this connection cannot be sustained. This identical question was decided by this court in the case of Gene Hammond v. State, ante, p. 434, 109 So. 172 (on rehearing).

[2, 3] The question of venue was involved upon the trial of this case, and several rulings of the court were invoked' upon the admission of evidence bearing on this question. There was sufficient evidence from which the jury could infer that the offense complained of was committed in Cherokee county, Ala.

Where this appears, it is not necessary to prove in express terms that the offense was committed in the county. Tinney v. State, 111 Ala. 74, 20 So. 597.  Where the evidence tends to show the commission of the crime within the jurisdiction of the court, venue becomes a question of fact for the jury. Britton v. State, 15 Ala. App. 584, 74 So. 721; Pounds v. State, 15 Ala. App. 223, 73 So. 127; Powell v. State, 5 Ala. App. 75, 59 So. 530. The rulings of the court on the evidence as to venue were without error. Bufkins v. State, 20 Ala. App. 457, 103 So. 902.

[4] The able oral charge of the court was fair to defendant, and covered correctly every phase of law governing the issues involved upon the trial of this case. This charge, together with the given special charges, covered fairly and substantially such of the refused charges as contained correct statements of law.

We have examined each ruling of the court to which exception was reserved and also the record proper, as the law requires. No error of a reversible nature appears. Let the judgment of conviction in each of these cases stand affirmed.

Affirmed.