Appellant, Kenneth Tyrone Moncrief, was indicted in a two-count indictment for the crimes of escape in the first degree and theft in the first degree, violations of §13A-10-31(a)(2) and 13A-8-3(b), Code of Alabama 1975, respectively. He was found guilty, after a jury trial, on both counts as charged, and was sentenced as a habitual offender to life imprisonment.
The state's evidence established that, while appellant was serving three concurrent nine-year sentences for felony convictions of burglary, he escaped from a state prison work release project and, in facilitating his escape, stole an automobile belonging to a fellow worker. Appellant offered no evidence in defense of the charges. He appeals, raising three issues.
 I.
On October 20, 1988, four days prior to trial, appellant filed a discovery motion aimed at obtaining certain documentary evidence in possession of the prosecution. This motion was never ruled upon by the trial court and, in fact, was never called to its attention until the morning of the first day of trial, October 24, 1988. Appellant informed the trial court, immediately after the jury had been selected and sworn, that the prosecution had not responded to the discovery motion and that, because of the prosecution's failure to respond, the defense sought a continuance and an order excluding the state's evidence, subject to the discovery motion. The trial court denied the motions for continuance and exclusion, but ordered the prosecution to immediately deliver all material evidence and documents to appellant. This included evidence pertaining to fingerprints of appellant, which were found in the stolen automobile, the principal evidence sought by appellant.
We first note that there was no ruling by the trial court on the motion for discovery, nor was the motion ever brought to its attention, until after the trial had commenced. At that point, the trial court gave appellant a favorable ruling by ordering the prosecution to immediately deliver all material evidence and documents to appellant.
In reference to the motions for continuance and exclusion of evidence, the trial court, under the circumstances presented here, did not abuse its discretion in denying them. Appellant received the items of evidence which the state intended to use, including the fingerprint evidence, at the beginning of the trial, and he has not demonstrated that he was prejudiced in any manner by not having the evidence prior to the beginning of the trial.
 II.
Appellant next questions the legality of his sentence. He contends that the trial court improperly used all three of his prior felony convictions to enhance his sentence for escape under the Habitual Felony Offender Act (hereinafter "Act"). He correctly argues that a sentence imposed for escape cannot be enhanced under the Act by a prior felony conviction for which the defendant was confined at the time of the escape if that prior conviction was a necessary element in proving the escape. Reliance is placed on Ringer v. State, 501 So.2d 493
(Ala.Cr.App. 1986). However, in a prosecution for escape, where a defendant is serving time for more than one prior felony conviction, all but one of the prior convictions may be used for sentence enhancement under the Act. Webb v. State,539 So.2d 343 (Ala.Cr.App. 1987); Lee v. State, 512 So.2d 826
(Ala.Cr.App. 1987).
Even though appellant's argument concerning the application of the Act in enhancing sentences for escape is legally correct, and only two of his burglary convictions could have been used to enhance his sentence for escape, the use of the other having been required to prove the offense, he still cannot prevail. In his brief on appeal, he completely ignores his conviction for theft and the effect of the general sentence he received. Here, we are concerned with two distinct convictions under two counts of the indictment charging separate and distinct crimes, and one single *Page 1178 
general sentence, which does not specify the punishment imposed on each count.
The crime for which appellant stands convicted under Count I of the indictment is escape in the first degree, a Class "B" felony, for which appellant could have been sentenced as a habitual offender with two prior convictions (two burglary convictions, the third having been used to prove the offense) to life imprisonment or not more than 99 years but not less than 15. § 13A-10-31; § 13A-5-9(b)(2). Under Count II, he was convicted of theft of property in the first degree, also a Class "B" felony, for which he could have only been sentenced as a habitual offender with three prior felony convictions (three burglary convictions) to life imprisonment. § 13A-8-3; §13A-5-9(c)(2).
While there are jurisdictions to the contrary, the general rule concerning the application of a single sentence covering a number of counts on which an accused is convicted is set out in 24 C.J.S. Criminal Law § 1567(4), p. 431-32 (1961), as follows:
 "The rule is generally well-settled that a single sentence covering a number of counts on which accused is convicted will not be held invalid if the punishment thereby imposed does not exceed the maximum that could have been imposed for any single count sufficient to support it; and thus a single sentence is valid if it is within the permissible limits that could be imposed for one count, even though it exceeds the permissible limits that could be imposed on another of the counts." (Footnotes omitted.)
Alabama follows the general rule. See, e.g., Wiggins v.State, 244 Ala. 246, 12 So.2d 758 (1943); Harris v. State,356 So.2d 247 (Ala.Cr.App. 1978); Smith v. State, 21 Ala. App. 497,109 So. 530 (1926); Hammond v. State, 21 Ala. App. 434,109 So. 172 (1926). The principle underlying the rule is that a general sentence has presumably been awarded and should be attributed to the count or counts, as the case may be, which will support it. Wiggins v. State; 24 C.J.S., supra, at § 1567(4). The better practice, however, is for the trial judge to deal separately with each count and impose separate sentences on the several counts. See 24 C.J.S., supra, at § 1567(3).
The punishment imposed in the instant case, life imprisonment, does not exceed the maximum that could have been imposed for the conviction of theft in the first degree under Count II of the indictment. In fact, it is the only statutorily authorized sentence for a first degree theft conviction, with three prior felony convictions. Thus, applying the general rule, we find that the general sentence, being within the permissible limits for the theft conviction, with three prior felony convictions, is valid even though it exceeds the permissible limits for the escape conviction.
 III.
Appellant contends that he was denied his constitutional right to equal protection of the law because escape from a state work release facility is a felony and escape from a county work release facility is a misdemeanor under Alabama law. He argues that, at the time of his escape, a state inmate confined in a county work release facility who escaped or failed to return to his place of confinement would be guilty of a misdemeanor under § 14-8-42 and 14-8-43, while escape from a state work release facility is a felony under § 13A-10-31. He argues that the difference in treatment of such inmates denies him equal protection.
There is some question as to whether this issue has been preserved for review. Appellant filed a pretrial motion to dismiss the indictment, which was denied by the trial court. The motion stated general grounds of denial of Fourth, Fifth, Sixth, and Fourteenth Amendment rights based primarily on claims of vagueness of the escape statute and unconstitutionality in its application to appellant. The exact issue now urged was never specifically brought to the attention of the trial court.
Nevertheless, even if this issue is properly before us for review, it does not provide a basis for reversal. The issue raised concerning the different punishments established *Page 1179 
under Alabama law for escape from state and county work release facilities was considered in Webb v. State, 539 So.2d 343
(Ala.Cr.App. 1987), and decided adversely to appellant's contention. We held in Webb that, to the extent that the Board of Corrections transfers state inmates to county facilities to relieve overcrowding in state facilities, there is a proper exercise of delegated authority and no denial of equal protection, although a state inmate who fails to return from work release is guilty of felony escape in the first degree while a county inmate or state inmate in county custody who fails to return from work release is guilty only of a misdemeanor. Id. at 347. We find no merit in this contention.
For the reasons set out above, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.