TAYLOR, Judge.
The appellant, Clifford Williams, was convicted of trafficking in cocaine, a violation of § 13A-12-231, Code of Alabama 1975. He was sentenced as a habitual felony offender to life imprisonment without parole pursuant to § 13A-5-9, Code of Alabama 1975.
The evidence presented at trial tended to show that on November 28, 1990, police officers executed a search warrant on the appellant’s residence. As the officers were driving toward the residence to execute the search warrant, they noticed that they were travelling behind a van driven by the appellant. The appellant parked the van on the street in front of his residence and went into the residence.
When the police approached the residence and identified themselves and said that they had a search warrant, the appellant locked the deadbolt on the burglar bar door. While police officers were attempting to remove the door, the appellant apparently ran into the bathroom, then returned and unlocked the door. The police *375 then went into the bathroom and found the toilet refilling after having been flushed and water on the floor.
The officers searched the house and found a triple beam scale, small plastic zip-lock bags, and a beeper. The police also searched the van in which the appellant had arrived at the house and discovered a white box containing scales, zip-lock bags, and a white powdery substance that they surmised was cocaine. The substance was subsequently tested by Dale Brown of the Alabama Department of Forensic Sciences, and she determined it to be 215.56 grams of 85% pure cocaine.
I
On appeal, the appellant argues that the circuit court erred in denying his motion to suppress the evidence discovered during the search of his residence and of the van in which the cocaine was found. Specifically, the appellant contends that the affidavit that provided the basis for the search warrant did not establish probable cause. He also argues that the van was outside the premises described in the search warrant and that, therefore, the actual search exceeded the scope of the search authorized by the warrant.
The affidavit and the search warrant, however, are not contained in the record on appeal. When the search warrant and the underlying affidavit are not part of the record, this court cannot consider the validity of the warrant on appeal. Callens v. State, 471 So.2d 482 (Ala.Cr.App.1984).
II
Next, the appellant argues that the circuit court erred in denying his motion for a judgment of acquittal. Specifically, he contends that the state failed to prove that he had knowledge of the drugs in the van. The van in which the cocaine was found was not owned by the appellant, but there was evidence that the appellant regularly used the van.
Judge Bowen, writing for a unanimous court in Lyons v. State, 455 So.2d 295, 296 (Ala.Cr.App.1984), stated:
“Where the accused is not in exclusive possession of the premises, his knowledge of the presence of the controlled substance may not be inferred ‘unless there are other circumstances tending to buttress this inference.’ Temple v. State, 366 So.2d 740, 743 (Ala.Cr.App.1979). When constructive possession is relied upon, there must be some fact or circumstance which will afford the jury a ‘rational inference’ that the accused had knowledge of the drugs. Ex parte Campbell, 439 So.2d 723, 724 (Ala.1983).”
There was sufficient evidence from which the jury could draw a “rational inference” that the appellant had knowledge that there was cocaine in the van. The appellant was seen driving the van immediately before the search, and he had keys to the van on a key chain in his pocket; however, when asked about the van during the search of the residence, he said that he did not know anything about it. There were also several photographs showing the appellant and the van found in the appellant’s house. Additionally, the actions of the appellant when the police first attempted to search the residence, as well as the drug paraphernalia found in the house, supply further evidence from which the jury could conclude that the appellant had knowledge of the presence of illegal drugs in the van.
The circuit court did not err in denying the appellant’s motion for a judgment of acquittal.
Ill
The appellant also argues that the circuit court erred in sentencing the appellant pursuant to the Habitual Felony Offender Act. Specifically, the appellant contends that the state failed to give adequate notice of its intent to use the appellant’s prior convictions for the enhancement of his sentence under the Act. From the record of the sentencing hearing, it appears that the appellant did have notice of the state’s intent to proceed under the Habitual *376 Felony Offender Act. At the hearing, the appellant never contended that he had not received notice from the state, but objected because he claimed that he had not received "written” notice. Written notice, however, is not required; oral notice of the state’s intent to proceed under the Act is sufficient. McCray v. State, [Ms. 91-1431, October 23,1992], 1992 WL 298114 (Ala.Cr.App.1992).
Here, at the sentencing hearing, the appellant’s trial counsel appeared to be familiar with the appellant’s prior convictions, and made specific objections relating to the use of several of appellant’s prior convictions. “[D]ue process of law is satisfied by ‘reasonable notice’ with ‘an opportunity to be heard relative to the recidivist charge.’ " Smith v. State, 401 So.2d 251, 256 (Ala.Cr.App.), writ denied, 401 So.2d 257 (Ala.1981). In the instant case, appellant had ample opportunity to be heard on the court’s application of the Habitual Felony Offender Act.
The court did not err in sentencing the appellant pursuant to the Habitual Felony Offender Act.
IV
The appellant argues that the circuit court erred in receiving into evidence photographs found during the search of the appellant’s residence. The appellant contends that a “picture is not admissible unless a witness testifies that the picture as exhibited accurately reproduces the objects or actions which he observed.” Osborn v. Brown, 361 So.2d 82, 86 (Ala.1978). It is not necessary that the photographs at issue here have been authenticated in this manner. These photographs were items of evidence that were seized from the appellant’s house pursuant to a search warrant. The predicate for the receipt into evidence of these photographs was correctly satisfied through the testimony of a police officer that they were the photographs recovered from the appellant’s house. See, C. Gamble, McElroy’s Alabama Evidence § 319.02 (4th ed. 1991).
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.