Jimmy Humphrey appeals the circuit court's denial of his Rule 32, Ala. R. Crim. P., petition in which he challenges his 1982 conviction, pursuant to a guilty plea, for escape in the first degree and his subsequent sentence of 25 years' imprisonment. Humphrey raises one issue on appeal.
Humphrey contends that his sentence exceeds that authorized by law. Specifically, Humphrey contends that his conviction for escape was improperly enhanced by an assault *Page 491 
conviction that served as an element of his first degree escape charge. Humphrey further contends that the state's argument that his conviction was actually enhanced by another prior conviction was not proven because the state did not identify the conviction on which it relied.
Humphrey's claim is one that, if true, would entitle him to relief. The underlying conviction in an escape in the first degree charge is an element of that offense and should not be used as enhancement under the habitual felony offender's act. See Moncrief v. State, 551 So.2d 1175 (Ala.Crim.App. 1989). The circuit court's order denying Humphrey's Rule 32 petition does not address the merits of Humphrey's claim of improper sentencing.
We find that the circuit court erred by summarily dismissing this petition without addressing the allegations of improper enhancement under the habitual felony offenders act. The circuit court is hereby ordered to make a finding on the merits of Humphrey's claims through affidavits from trial counsel, further factfinding by the court based on its knowledge of the case, and/or an evidentiary hearing on the issue of Humphrey's sentence. The circuit court is to make specific findings of fact on whether the charge used to enhance Humphrey's sentence was the underlying charge for his escape conviction. If the circuit court determines that an evidentiary hearing is required, a transcript of that proceeding should be included in the return to remand along with a written statement of the court's findings. The court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.