McMILLAN, Judge.
The appellant, Willie James Hall, filed a petition for a writ of habeas corpus, challenging a sentence of life imprisonment imposed as a result-of his conviction of escape in the first degree.[1] The trial court summarily dismissed the petition, as lacking merit.
On appeal, the appellant restates the argument he made to the trial court. He says that, at the time of the escape, he was serving a sentence for the felony offense of robbery in the first degree. He argues that, pursuant to Brantley v. State, 527 So.2d 1365 (Ala.Cr.App.1988), the State improperly used this underlying conviction, which is an element of the offense to which he pleaded guilty to enhance his sentence to life imprisonment.
The State argues that when the appellant’s sentence was imposed on April 20, 1983, it was proper. See Hall v. State, 418 So.2d 946 (Ala.Cr.App.1982) (reversing the appellant’s guilty plea as involuntary but specifically stating that, under the Habitual Felony Offender Act, he would have to be punished for a Class A felony). However, in Tinsley v. State, 485 So.2d 1249 (Ala.Cr.App.1986), this Court held that a prior conviction is an es *216 sential element of the offense of escape in the first degree. Further, in Capps v. State, 587 So.2d 442 (Ala.Cr.App.1991), this Court held that a sentence for an escape conviction cannot be enhanced under the Habitual Felony Offender Act by using the prior felony conviction for which the defendant was confined at the time of the escape if that prior conviction is a necessary element in proving the escape offense.
As the appellant stated a valid claim regarding his sentencing, the trial court erred in dismissing his petition. This cause is remanded to the trial court, with instructions to grant the appellant’s petition and resen-tence him within the range provided for a Class B felony.
REVERSED AND REMANDED FOR RESENTENCING.
All judges concur.

. The appellant styled his petition as a “PETITION FOR WRIT OF HABEAS CORPUS." It was filed in the Montgomery Circuit Court, which was the court of original jurisdiction, rather than in Jefferson Circuit Court, Bessemer Division, where the appellant apparently is imprisoned, and it clearly sought relief from a sentence. Therefore, pursuant to Rule 32.3, Ala.R.Crim.P., it is to be treated as a petition filed pursuant to Rule 32.