842 So.2d 24 (2002)
David Steven SNOWDEN
v.
STATE.
CR-01-0089.
Court of Criminal Appeals of Alabama.
February 1, 2002.
Kimberly G. Kervin, Prattville, for appellant.
*25 Bill Pryor, atty. gen., and Jean-Paul Chappell, asst. atty. gen., for appellee.
BASCHAB, Judge.
On November 6, 1997, pursuant to a negotiated agreement, the appellant, David Steven Snowden, pled guilty to first-degree robbery. Applying the firearm enhancement set forth in § 13A-5-6(a)(4), Ala.Code 1975, the trial court sentenced him to serve a term of twenty years in prison. He filed a notice of appeal, but we dismissed the appeal as untimely filed. See Snowden v. State, (CR-00-2137, July 12, 2001) 837 So.2d 899 (Ala.Crim.App. 2001) (table). On August 21, 2001, the appellant filed a Rule 32 petition, challenging his conviction and sentence. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that his sentence exceeds the maximum authorized by law or is otherwise not authorized by law because the trial court allegedly improperly applied the ten-year firearm enhancement set forth in § 13A-5-6(a)(4), Ala.Code 1975, to his base sentence of ten years in prison. Specifically, he contends that, although he represented that he was armed, he did not actually have a firearm at the time of the robbery. He further notes that, during the guilty plea colloquy, the trial court stated:
"[I]f this case involves the use, or threat of use, of a firearm, or deadly weapon, and the plea agreement indicates that it did, the law provides that for the commission of class A felony the term of imprisonment must be not less than twenty years....
"I have been handed a plea agreement whereby you propose to plea guilty to robbery first degree and a recommended sentence of twenty years; which, according to the enhancement, involves the use of, or threat of, use of a firearm."
(R. 11-12.)[1] Finally, he concludes that "[t]he Court improperly imposed the additional ten (10) year sentence based upon the mistaken belief that the firearm enhancement provision of § 13A-5-6(a)(4), Code of Alabama (1975), included the `threat of use of a firearm.'" (Appellant's brief at p. 7.)
The appellant's argument may be meritorious. The firearm enhancement set forth in § 13A-5-6(a)(4), Ala.Code 1975, applies only in those cases "in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony." In this case, based on statements it made during the guilty plea proceedings, it appears that the trial court mistakenly believed that the firearm enhancement could be applied even in cases in which the defendant only represented that he was armed with a firearm. However, such an interpretation is contrary to the plain language of § 13A-5-6(a)(4), Ala. Code 1975. During the Rule 32 proceedings, the State did not specifically refute, and the circuit court did not address, the appellant's contention. Therefore, we remand this case to the circuit court with instructions that that court make specific, written findings of fact as to the appellant's contention. On remand, the circuit court may allow the State to amend its response and may conduct an evidentiary hearing. If the circuit court finds that the appellant's argument is meritorious, it may grant appropriate relief. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include any amended filings by the State; *26 the circuit court's specific, written findings of fact and order, if any; a copy of the plea agreement, if it is available; and a transcript of the evidentiary hearing, if any.
REMANDED WITH INSTRUCTIONS.[*]
COBB and SHAW, JJ., concur; WISE, J., dissents, with opinion, which McMILLAN, P.J., joins.
WISE, Judge (dissenting).
I dissent from the majority opinion remanding this case to the circuit court for specific, written findings of fact as to Snowden's contention that the trial court erroneously applied the "firearm-enhancement" provision set out in § 13A-5-6(a)(4), Ala.Code 1975, resulting in what he claims is an illegal sentence.
I have examined the record, including Snowden's Rule 32, Ala.R.Crim.P., petition. In his petition, Snowden claims that the trial court erroneously applied the firearm enhancement in § 13A-5-6(a)(4); thus, he argues, the court's action rendered his guilty plea involuntary and his sentence illegal.
Snowden's claims are without merit. Any challenge to the voluntariness of his guilty plea is procedurally barred. On November 6, 1997, Snowden pleaded guilty to one count of first-degree robbery. Snowden's plea was entered as a result of a negotiated plea agreement that advised him the firearm-enhancement provision would apply to his conviction. Snowden had until December 18, 1997, to appeal his conviction; however, no direct appeal was taken.[2] Based on the provisions of Rule 32.2(c), Ala.R.Crim.P., any petition for postconviction relief challenging the voluntariness of his guilty plea would have to have been filed on or before December 18, 1999. Snowden did not file the instant Rule 32 petition until August 13, 2001. Thus, Snowden's contention that his plea was involuntary is precluded under Rule 32.2(c).
Snowden's claim that his sentence is illegal because it exceeds the maximum authorized by law or is otherwise not authorized by law is likewise without merit. Snowden pleaded guilty to first-degree robbery, a Class A felony. See § 13A-8-41, Ala.Code 1975. The range of punishment for a Class A felony is imprisonment "for life or not more than 99 years or less than 10 years." § 13A-5-6(a)(1), Ala.Code 1975. Because Snowden's 20-year sentence is within the range of punishment provided by statute, his sentence does not exceed the maximum authorized by law. Therefore, Snowden's sentence is not illegal. See Garner v. State; 606 So.2d 177 (Ala.Crim.App.1992), and Harris v. State, 500 So.2d 1292 (Ala.Crim.App.1986) (both cases holding that where a trial judge imposes a sentence within the statutory range of punishment, the appellate court will not review that sentence).
Based on the foregoing, I would affirm the circuit court's denial of Snowden's petition. Therefore, I must dissent.
McMILLAN, P.J., concurs.
NOTES
[1] The record before this court does not include a copy of the plea agreement.
[*] Note from the reporter of decisions: On March 15, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On April 5, 2002, that court denied rehearing, without opinion. On August 16, 2002, the Supreme Court denied certiorari review, without opinion (1011395).
[2] Snowden contends that he did appeal from his conviction. However, we have reviewed our records and have determined that no direct appeal of Snowden's conviction was filed with this Court. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992) (this Court may take judicial notice of its own records).