The appellant, Carl Arthur Perry, Jr., was convicted of escape in the first degree and of promoting prison contraband in the first degree, violations of §§ 13A-10-31 and 13A-10-36, Ala. Code 1975, respectively. He was sentenced, as a habitual offender *Page 2 
with one prior felony conviction, to life imprisonment for the escape conviction and to 20 years' imprisonment for the promoting-prison-contraband conviction; the sentences were to run concurrently.
The evidence adduced at trial indicated that on January 12, 1998, a correctional officer at the St. Clair Correctional Facility spotted Perry, an inmate in the facility, crawling under a fence and moving toward the exterior of the prison. The officer transmitted a radio alert that a prison break was in progress and yelled for Perry to stop. Perry complied. Once he was apprehended, a search revealed that Perry was carrying a concealed knife.
Perry raises what appear to be five issues on appeal. His arguments with respect to four of those issues do not comply with Rule 28(a)(10), Ala.R.App.P., which requires that an argument contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." "Recitation of allegations without citation to any legal authority and without adequate recitation of the facts relied upon has been deemed a waiver of the arguments listed." Hammv. State, [Ms. CR-99-0654, February 1, 2002] ___ So.2d ___, ___ (Ala.Crim.App. 2002). Because Perry failed to comply with Rule 28(a)(10), Ala.R.App.P., with respect to his first four issues, those issues are deemed waived.
Perry also contends on appeal that the trial court erred in not requiring the State to give written notice of its intent to invoke the Habitual Felony Offender Act ("HFOA"). The record reflects that after the jury returned its verdicts and was excused, the trial court adjudged Perry guilty of escape in the first degree and of promoting prison contraband in the first degree. The State then offered one prior conviction for purposes of sentence enhancement and, after some discussion, the following occurred:
 "[Perry's counsel]: If I'm not mistaken I don't believe the State has given written notice that they were going to proceed under the Habitual Offender Act.
 "[Prosecutor]: We will give notice right now and ask for a sentence hearing, if [defense counsel] wants me to do that.
"THE COURT: Do you want to ask for a sentence hearing?
 "[Prosecutor]: I mean, if he is objecting to the court considering the murder conviction, then I would. . . . [B]ut I do want the court to consider the murder conviction.
"THE COURT: And I am. Anything further from either side?
"[Perry's counsel]: No, Your Honor."
(R. 99-100.)
"The Supreme Court of Alabama in Connolly v. State, 602 So.2d 452
(Ala. 1992), held that oral notice of intent to invoke the Habitual Felony Offender Act was sufficient and that written notice was not necessary." McCray v. State, 643 So.2d 610, 613 (Ala.Crim.App. 1992). See also Williams v. State, 616 So.2d 374 (Ala.Crim.App. 1993). It is clear from the record that the State gave oral notice of its intent to invoke the HFOA; therefore, written notice was not necessary.
For the reasons stated above, we affirm Perry's conviction for escape in the first degree and his conviction and sentence for promoting prison contraband in the first degree. However, Perry's sentence for the escape conviction was illegal; therefore, we must remand this case for resentencing on that conviction. *Page 3 
The record reflects that the only prior conviction offered by the State for purposes of sentence enhancement was Perry's murder conviction — the conviction for which he was imprisoned at the time of his attempted escape. That conviction was properly used to enhance his sentence for the promoting-prison-contraband conviction; however, it was an essential element of the offense of escape in the first degree and, thus, could not be used to enhance Perry's sentence for the escape conviction. It is well settled that "a sentence imposed for escape cannot be enhanced under the [Habitual Felony Offender] Act by a prior felony conviction for which the defendant was confined at the time of the escape if that prior conviction was a necessary element in proving the escape."Moncrief v. State, 551 So.2d 1175, 1177 (Ala.Crim.App. 1989). See alsoHall v. State, 687 So.2d 215 (Ala.Crim.App. 1996), and Humphrey v.State, 686 So.2d 490 (Ala.Crim.App. 1996). Moreover, "[m]atters concerning unauthorized sentences are jurisdictional," Hunt v. State,659 So.2d 998, 999 (Ala.Crim.App. 1994); therefore, we may take notice of an illegal sentence even though the issue of the legality of the sentence was not raised in the trial court or on appeal. See, e.g., Pender v.State, 740 So.2d 482 (Ala.Crim.App. 1999).
Therefore, we remand this case to the trial court for it to resentence Perry for his escape conviction. We note that Perry may be sentenced under the HFOA at the second sentencing hearing if he has other prior convictions besides the murder conviction (which the record suggests he does) and if the State gives proper notice of its intent to again invoke the HFOA. As this Court noted in Clements v. State, 709 So.2d 1321
(Ala.Crim.App. 1997):
 "In Nichols v. State, 629 So.2d 51 (Ala.Cr.App. 1993), this court stated that if resentencing was required, the defendant was entitled to be renotified of the State's intent to proceed under the HFOA and renotified of the convictions it intends to prove.
 "`"To enhance a defendant's sentence under the HFOA, the State must give proper notice of its intent to do so. The State must also give the defendant proper notice of the alleged previous felony convictions that it will attempt to prove at that sentencing hearing. If, for whatever reason, another sentencing hearing is required and the State had notified the defendant of its intent to proceed under the HFOA at the previous sentencing hearing, then the State can re-notify the defendant of its intent to proceed under the HFOA and can notify the defendant that it will attempt to prove all previous felony convictions that the State is aware of, regardless of whether the State had attempted to prove those particular convictions at the previous sentencing hearing."'
 "Nichols v. State, 629 So.2d 51, 57 (Ala.Cr.App. 1993) (quoting Connolly v. State, 602 So.2d 452, 455 (Ala. 1992) (some emphasis [in Connolly]; some emphasis [in Clements])).
 "`The rule is that the state may use, at a second sentencing hearing, convictions other than those used at the first hearing, provided that proper notice has been given prior to both hearings. Connolly v. State, 602 So.2d 452 (Ala. 1992); Jackson v. State, 566 So.2d 758 (Ala. 1990). See also A.R.Cr.P. 26.6(b)(3)(ii). "This requires only that the defendant be notified before each sentencing hearing that the HFOA [Habitual Felony Offender Act] will be applied and what convictions the State will attempt to prove." Connolly v. State, 602 So.2d at 454 (emphasis added [in Cooper]).' *Page 4 
 "Cooper v. State, 632 So.2d 1342, 1343-44
(Ala.Cr.App. 1993), aff'd, 632 So.2d 1344 (Ala. 1994) (`The record in this case shows that the appellant was not given notice, prior to the third sentencing hearing, of the convictions the state intended to prove. At the hearing, the appellant made numerous and timely objections to the failure to give notice.')."
709 So.2d at 1323.
Due return should be filed with this Court no later than 63 days from the date of this opinion. The return to remand shall include a transcript of the proceedings conducted on remand.
AFFIRMED IN PART; REMANDED WITH DIRECTIONS AS TO SENTENCING*.
McMILLAN, P.J., and COBB and WISE, JJ., concur. BASCHAB, J., concurs in the result.
* Note from the reporter of decisions: On March 14, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On April 18, 2003, that court denied rehearing, without opinion.