COBB, Judge.
On August 17, 1999, James Terry Franklin pleaded guilty to third-degree robbery and was sentenced, as a habitual offender with three prior felony convictions, to 35 years in prison. On appeal, this Court affirmed his conviction and sentence in an unpublished memorandum. (No. CR-98-2504, February, 18, 2000), 805 So.2d 791 (Ala.Crim.App.2000) (table). The certificate of judgment was entered on March 7, 2000.
On March 20, 2003, Franklin filed this, his second, Rule 32, Ala. R.Crim. P., petition. After the State responded, the circuit court summarily dismissed the petition on April 16, 2003. This appeal followed.
In his petition, Franklin claimed that his sentence was illegal because, he says, when the trial court sentenced him, he had only two prior convictions, rather than three.[1] On appeal, Franklin reiterates his claim.
“[WJhen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001).
Rule 32.7(d), Ala. R.Crim. P., provides for the summary disposition of a Rule 32 petition only
“[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b)], or is precluded [under Rule 32.2, Ala. R.Crim. P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by further proceedings.... ”
*1215 Franklin attached to his petition a copy of the notice where the state had indicated its intention to invoke the Habitual Felony Offender Act, which included a prior conviction numbered CC-82-841, and a copy of a case action summary sheet indicating that on March 2, 1983, that conviction was nol-prossed on motion of the assistant district attorney. The State argued, as it does on appeal, that the error, if any, in using that conviction, was harmless because Franklin’s sentence was nonetheless within the statutorily prescribed range for a Class C felony with only two prior felony convictions. This Court addressed a similar situation in Crenshaw v. State, 740 So.2d 478, 479 (Ala.Crim.App.1998):
“At the time of his robbery convictions, the appellant had three prior state felony convictions in addition to a federal conviction the specifics of which were unfamiliar to the State. He signed a guilty plea agreement that indicated that he would receive a minimum sentence of 15 years’ imprisonment and a maximum sentence of 99 years to life. Pursuant to the Habitual Felony Offender Act, the appellant’s sentences were enhanced, based on three prior convictions. The appellant admitted the prior convictions and stated that he was represented by counsel in all three proceedings. Subsequent to the trial court’s summary dismissal of the petition, this Court reversed the appellant’s theft of property conviction, which was one of the three felonies used for sentence enhancement. See Crenshaw v. State, 728 So.2d 722 (Ala.Cr.App.1998).
“An examination of the record reveals that at the time the appellant pleaded guilty to the robbery charges, he was given correct information by the trial court regarding sentence enhancement. See § 13A-5-9(c)(l), Ala.Code 1975. (‘In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows: (1) On conviction of a Class C felony, he must be punished for life or for any term not more than 99 years but not less than 15 years.’) The appellant’s sentences were for life imprisonment, and were therefore, legally authorized sentences, whether the appellant had two or three prior convictions. See § 13A-5-9(b)(1), Ala.Code 1975. (‘In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows: (1) On conviction of a Class C felony, he must be punished for a Class A felony.’)
“Nevertheless, this Court, out of an abundance of caution, finds that in the interest of fundamental fairness to both the appellant and the trial court, this cause must be remanded to the trial court to allow that court to address the appellant’s argument that he was improperly sentenced by the use of a conviction that was subsequently set aside. It is undisputed that ‘ “a conviction that has been set aside or reversed may not be used to enhance [a] penalty.” ’ Prock v. State, 471 So.2d 519, 521 (Ala.Cr.App.1985) (quoting 24B C.J.S. Criminal Law § 1960(6)(1962)). If the trial court finds that the appellant’s argument has merit, it will then have an opportunity to resen-tence the appellant in accordance with the Habitual Felony Offender Act.”
See also McClintock v. State, 773 So.2d 1057 (Ala.Crim.App.2000); Pickens v. State, 475 So.2d 637 (Ala.Crim.App.1985). The only difference in this case is that Franklin claimed that his third prior conviction was not valid and should never have been used to enhance his sentence, as opposed to his third prior conviction’s later *1216 becoming invalid. We see no relevance to the distinction.
Additionally, contrary to the State’s assertion, the fact that Franklin admitted to the three prior convictions during the guilty plea colloquy is of no consequence, see Crenshaw, supra; an illegal sentence, whether or not agreed to, is an illegal sentence.
Therefore, for the reasons above, we remand this cause for the circuit court to conduct an evidentiary hearing, or otherwise to take evidence, to determine the merit of Franklin’s claim. If, indeed, he only had two prior convictions, then the circuit court is to resentence him accordingly. If, however, Franklin did have three prior convictions, the circuit court is to deny Franklin relief. Either way, this Court requests that the circuit court make specific findings of fact and that due return shall be made within 42 days of the issuance of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.

. To the extent that Franklin attempts to couch this argument in terms of his guilty plea having been entered involuntarily, we note that Franklin has already attacked the voluntariness of his guilty plea in his first petition; therefore, those claims are precluded as being successive. Rule 32.2(b), Ala. R.Crim. P.

 Note from the reporter of decisions: On November 21, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.