SHAW, Judge.
Dustin Mount appeals the circuit court’s summary denial of his Rule 32, Ala. R.Crim.P., petition for postconviction relief, in which he attacked the life sentence he received for his 2000 guilty-plea conviction for escape in the first degree. Mount did not appeal his conviction and sentence.
In his petition, filed in August 2004, Mount alleged that his life sentence was illegal because, he said, the trial court sentenced him as a habitual offender with three prior felony convictions when, according to Mount, he had only, two prior felony convictions that could be used for sentence enhancement. Specifically, Mount alleged that at the time of his escape, he had three prior burglary convictions for which he was incarcerated, and that because one of those convictions was an element of the escape charge, it could not be used for sentence enhancement. Mount attached to his petition a copy of his plea agreement with the State, in which he stipulated to having three prior felony convictions. After receiving a response from the State, the circuit court summarily denied Mount’s petition on October 26, 2004, finding that his claim was without merit because Mount had agreed to a life sentence as part of his plea agreement with the State and because a sentence of life imprisonment was authorized whether Mount had two or three prior convictions.
“It is well settled that ‘a sentence imposed for escape cannot be enhanced under the [Habitual Felony Offender] Act by a prior felony conviction for which the defendant was confined at the time of the escape if that prior conviction was a necessary element in proving the escape.’ ” Perry v. State, 861 So.2d 1, 3 (Ala.Crim.App.2002), quoting Moncrief v. State, 551 So.2d 1175, 1177 (Ala.Crim.App.1989). See also Hall v. State, 687 So.2d 215 (Ala.Crim.App.1996); Humphrey v. State, 686 So.2d 490 (Ala.Crim.App.1996); and Ringer v. State, 501 So.2d 493 (Ala.Crim.App.1986). In Franklin v. State, 879 So.2d 1214 (Ala.Crim.App.2003), this Court faced a similar situation involving the use of an allegedly invalid prior felony conviction for sentence enhancement:
“In his [Rule 32] petition, Franklin claimed that his sentence was illegal because, he says, when the trial court sentenced him, he had only two prior convictions, rather than three. On appeal, Franklin reiterates his claim.
[[Image here]]
“Franklin attached to his petition a copy of the notice where the state had indicated its intention to invoke the Habitual Felony Offender Act, which included a prior conviction numbered CC-82-841, and a copy of a case action summary sheet indicating that on March 2, 1983, that conviction was nol-prossed on motion of the assistant district attorney. The State argued, as it does on appeal, that the error, if any, in using that conviction, was harmless because Franklin’s sentence was nonetheless within the statutorily prescribed range for a Class C felony with only two prior felony convictions. This Court addressed a similar situation in Crenshaw v. State, 740 So.2d 478, 479 (Ala.Crim.App.1998):
“ ‘At the time of his robbery convictions, the appellant had three prior state felony convictions in addition to a federal conviction the specifics of which were unfamiliar to the State. He signed a guilty plea agreement that indicated that he would receive a minimum sentence of 15 years’ imprisonment and a maximum sentence of *1134 99 years to life. Pursuant to the Habitual Felony Offender Act, the appellant’s sentences were enhanced, based on three prior convictions. The appellant admitted the prior convictions and stated that he was represented by counsel in all three proceedings. Subsequent to the trial court’s summary dismissal of the petition, this Court reversed the appellant’s theft of property conviction, which was one of the three felonies used for sentence enhancement. See Crenshaw v. State, 728 So.2d 722 (Ala.Cr.App.1998).
“ ‘An examination of the record reveals that at the time the appellant pleaded guilty to the robbery charges, he was given correct information by the trial court regarding sentence enhancement. See § 13A-5-9(c)(l), Ala. Code 1975. (“In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he' must be punished as follows: (1) On conviction of a Class C felony, he must be punished for life or for any term not more than 99 years but not less than 15 years.”) The appellant’s sentences were for life imprisonment, and were therefore, legally authorized sentences, whether the appellant had two or three prior convictions. See § 13A-5-9(b)(l), Ala.Code 1975. (“In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows: (1) On conviction of a Class C felony, he must be punished for a Class A felony.”)
“ ‘Nevertheless, this Court, out of an abundance of caution, finds that in the interest of fundamental fairness to both the appellant and the trial court, this cause must be remanded to the trial court to allow that court to address the appellant’s argument that he was improperly sentenced by the use of a conviction that was subsequently set aside. It is undisputed that “ ‘a conviction that has been set aside or reversed may not be used to enhance [a] penalty.’” Prock v. State, 471 So.2d 519, 521 (Ala.Cr.App.1985) (quoting 24B C.J.S. Criminal Law § 1960(6)(1962)). If the trial court finds that the appellant’s argument has merit, it will then have an opportunity to resentence the appellant in accordance with the Habitual Felony Offender Act.’
“See also McClintock v. State, 773 So.2d 1057 (Ala.Crim.App.2000); Pickens v. State, 475 So.2d 637 (Ala.Crim.App.1985). The only difference in this case is that Franklin claimed that his third prior conviction was not valid and should never have been used to enhance his sentence, as opposed to his third prior conviction’s later becoming invalid. We see no relevance to the distinction.
“Additionally, contrary to the State’s assertion, the fact that Franklin admitted to the three prior convictions during the guilty plea colloquy is of no consequence, see Crenshaw, swpra; an illegal sentence, whether or not agreed to, is an illegal sentence.”
879 So.2d at 1214-16 (footnote omitted; emphasis added). If Mount’s allegations in his petition are true and he was sentenced as a defendant with three prior felony convictions when only two of those prior felony convictions could validly be used for enhancement, then his sentence is illegal regardless of whether he stipulated to the prior felony convictions or agreed to the sentence.
*1135 Therefore, we remand this case for the circuit court to reconsider the merits' of Mount’s claim in light of the authority set out above and to issue specific written findings of fact. If the court determines that Mount had only two valid prior convictions that could be used for sentence enhancement, but that he was improperly sentenced using three prior felony convictions, then the court shall resentence Mount accordingly. If, however, the court determines that Mount had three valid prior felony convictions that could be used for sentence enhancement, the court shall deny Mount relief. The court may conduct an evidentiary hearing or .take whatever evidence it deems necessary. Due return shall be filed within 42 days of the date of this opinion. The return to remand shall include the transcript of the evidentiary hearing, if one is conducted, any evidence received by the circuit court, the circuit court’s written findings of fact, and a transcript of the resentencing hearing, if one is conducted.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.