On September 5, 2003, the appellant, Wallace Glenn Sanders, was indicted for robbery in the first degree, a violation of § 13A-8-41, Ala. Code 1975, in connection with the robbery of a Texaco Food Mart in Dothan. Sanders was also indicted for robbery in the first degree in connection with the robbery of the Cowboy Service Station in Dothan and with robbery in the third degree in connection with the robbery of the Krystal fast-food restaurant in Dothan, a violation of § 13A-8-43, Ala. Code 1975. The three cases were consolidated for trial. At the conclusion of the trial on February 7, 2005, the jury found Sanders guilty of first-degree robbery of the Texaco Food Mart as charged in the indictment. The jury also found him guilty of third-degree robbery in connection with the robberies of the Cowboy Service Station and the Krystal restaurant.
The State had notified the defendant that it was requesting an additional penalty under the firearm-enhancement statute, §13A-5-6(a)(4) and (5), Ala. Code 1975. At the sentencing hearing on April 8, 2005, the trial court sentenced Sanders to a 5-year term of imprisonment on each of the third-degree-robbery convictions, and a 10-year term of imprisonment on the first-degree-robbery conviction, with the 10-year sentence to run concurrently with the two 5-year sentences. In connection with the first-degree-robbery conviction, the trial court ordered that Sanders' sentence be enhanced by an additional 10 years under the use-of-firearm sentence enhancement statute, § 13A-5-6(a)(4), Ala. Code 1975, making his sentence for the first-degree-robbery conviction, in effect, 20 years' imprisonment.
The single issue presented for review is whether the trial court abused its discretion in applying the firearm-enhancement statute to the sentence for Sanders' first-degree-robbery conviction. Sanders argues that there was no evidence presented indicating that any firearm was seen in the his possession or used by him at the time the robbery was committed.
At trial, Ms. Dean Saltz testified that she was the clerk at the Texaco Food Mart on the Montgomery Highway in Dothan, on the day the robbery was committed. Her testimony, in relevant part, regarding the presence or absence of a firearm was as follows:
 "[DEFENSE COUNSEL]: Okay. Now then, you say this guy, this defendant tried to rob you?
 "[MS. SALTZ]: That's right.
 "[DEFENSE COUNSEL]: Well, tell us what happened.
 "[MS. SALTZ]: Well, he came in, spoke to me. I mean, I spoke to him, like I did all my customers. He walks up right in front of me and he says, `I need $200.' I said, `So? I don't have $200.' He took his hand and stuck it under his shirt and he had his finger stuck out. And he said, `If you don't give me $200, I'm going to kill you.' And I said, `Well, go ahead and kill me, you're still not getting $200.'"
There was no other evidence that would have indicated that the clerk perceived that Sanders had a gun in his possession. *Page 434 
In Snowden v. State, 842 So.2d 24, (Ala.Crim.App. 2002), this Court held that the statute creating the firearm-enhancement for felonies applies only in those cases in which a firearm or a deadly weapon was used or attempted to be used in the commission of the felony, not in those cases in which the defendant only represented that he was armed with a firearm.
The State concedes that the trial court mistakenly assumed that the jury must have found that a firearm was used during the robbery of the Texaco Food Mart, reasoning that, if use of a firearm was an essential element of first-degree robbery, the jury must necessarily have found that the appellant used a firearm while committing the robbery. However, the State argues that robbery in the first degree is a Class A felony and that § 13A-5-6(a)(1), Ala. Code 1975, sets the term of imprisonment upon conviction of a Class A felony at between 10 and 99 years. Therefore, the State argues the 20-year sentence imposed upon Sanders is within the statutory range, and application of the firearm-enhancement statute is harmless error.
We do not agree; the imposition of this sentence resulted in an illegal sentence. Cf. Mount v. State, 920 So.2d 1132
(Ala.Crim.App. 2005) (wherein use of an improper prior conviction in sentencing resulted in an illegal sentence despite the fact that upon the use of two prior convictions the sentence remained within the proper range of sentencing). See also Howard v.State, 902 So.2d 127 (Ala.Crim.App. 2004) (stating that if no affirmative showing appears on the record of an improper use of an enhancement and the sentence is in the proper range, there is no error). Therefore, this case must be remanded to the circuit court of resentencing without applying the firearm-enhancement statute. A due reuturn shall be made to this court within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, and SHAW, JJ., concur.
WISE, J., concurs in the result.
* Note from the reporter of decisions: On June 23, 2006, On return to remand, the Court of Criminal Appeals affirmed, without opinion.