In 1981, Oscar Prock was indicted and convicted for theft of property in the first degree. He was sentenced as a habitual offender to life imprisonment. In 1983, Prock filed a pro se petition for writ of error coram nobis. The circuit court granted him an "out-of-time" appeal finding that he had been denied his right of direct appeal through no fault of his own. Four issues are raised on this appeal.
 I
The request for a continuance was properly denied. The defendant was represented by Attorney M.A. Peebles when he was extradited from Tennessee. At his preliminary hearing he was represented by a Miss Hancock. On February 12, 1981, the defendant was represented at his arraignment by retained counsel Jerry Knight. At that time, trial was scheduled for March 2, 1981. On February 27th or 28th, the defendant contacted Attorney Peebles who undertook the responsibility of representing the defendant. Peebles represented the defendant in "another lawsuit" in Tennessee which "would and could" be "materially affected" by the outcome of the Alabama prosecution.
The trial judge found that the defendant was not diligent in his efforts to subpoena witnesses, that he had had adequate time, and that to grant a continuance would be "rewarding his dereliction of duty." It is significant that the trial court was never informed of the name of a single witness the defense wished to subpoena.
The record shows no abuse of the trial judge's discretion. The failure of an accused to exercise due diligence in either the preparation of his case for trial, Summers v. State,348 So.2d 1126 (Ala.Cr.App.), cert. denied, Ex parte Summers,348 So.2d 1136 (Ala. 1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253,55 L.Ed.2d 773 (1978), or in securing counsel, Golston v. State,357 So.2d 668 (Ala.Cr.App.), cert. denied, Ex parte Golston,357 So.2d 671 (Ala. 1978), may constitute a proper ground for denying a motion for a continuance.
 II
The defendant and his companion fled from the truck after they had been stopped for a traffic violation. In the truck, the officers discovered the stolen chemicals. The defendant had no standing to challenge the propriety of the search. Robinson v.State, 428 So.2d 148 (Ala.Cr.App. 1982), cert. denied,462 U.S. 1137, 103 S.Ct. 3122, 77 L.Ed.2d 1374 (1983); Collier v. State,413 So.2d 396 (Ala.Cr.App. 1981), affirmed, Ex parte Collier,413 So.2d 403 (Ala. 1982). By fleeing from the truck, the *Page 521 
defendant abandoned his expectation of privacy in the vehicle.Nettles v. State, 435 So.2d 146 (Ala.Cr.App.), affirmed, Ex parteNettles, 435 So.2d 151 (Ala. 1983).
 III
The conviction of theft in the first degree is supported by the evidence.
At approximately 1:00 on the morning of June 7, 1980, the Limestone County Farmers' Co-op was burglarized and chemicals were stolen. Between two and three hours later, the defendant was observed in the adjacent county of Lawrence fleeing from a truck which contained the stolen chemicals.
The unexplained possession of recently stolen property is a fact from which the jury may infer the accused's guilt of theft of property. Waldrop v. State, 439 So.2d 1359, 1360 (Ala.Cr.App. 1983). Evidence of the flight of the accused is admissible to show his consciousness of guilt. Bighames v. State,440 So.2d 1231 (Ala.Cr.App. 1983). This evidence was sufficient to support the conviction. Robinson v. State, 432 So.2d 518 (Ala.Cr.App. 1983).
 IV
Four prior convictions were used to enhance the defendant's sentence under Alabama's Habitual Felony Offender Act. Three of those four convictions were on appeal. The trial judge properly considered these three convictions in sentencing the defendant despite their appellate status.
The rule is stated in 24B C.J.S. Criminal Law § 1960 (6) (1962):
 "Since, . . . the word `conviction,' when made the ground of some disability or special penalty, means a final adjudication by judgment, in a jurisdiction in which, . . . it is necessary for a conviction to precede the commission of the second or subsequent offense, in order to inflict the enhanced penalty, it has been held that there must have been a judgment on the first, or prior, offense, and that such judgment must have become final. In other words, it has been held by the courts that there must have been a final conviction. Thus, a conviction that has been set aside or reversed may not be used to enhance the penalty; and, while it has been held that an appeal postpones the finality of judgment so that the conviction cannot be used to enhance the penalty, it has also been held that a former conviction, from which an appeal is pending, may be shown in a subsequent prosecution, at least where the appeal does not suspend the judgment, but only stays enforcement of the sentence, . . ."
See also 39 Am.Jur.2d Habitual Criminals § 8 (1968); Annot., 5 A.L.R.2d 1080, § 5 (1949). "Convictions are a verity until set aside, and the use of prior convictions pending on appeal for punishment enhancement in another case is permissible." State v.Swartz, 140 Ariz. 516, 683 P.2d 315, 318 (1984).
"[A] previous `adjudication' of guilt of a felony constitutes a previous `conviction' of a felony whenever the term `previous conviction' of a felony, or its equivalent, is used in the Habitual Felony Offenders law of Alabama." Summerhill v. State,436 So.2d 2, 5 (Ala.Cr.App. 1983). "In our judgment, the word `convicted,' as used in § 13A-5-9, Code of Alabama (1975), does not include actual service in the penitentiary." Watson v. State,392 So.2d 1274, 1279 (Ala.Cr.App. 1980), cert. denied, Ex parteWatson, 392 So.2d 1280 (Ala. 1981). See also Burgess v. State,412 So.2d 298, 299 (Ala.Cr.App. 1982).
All of the defendant's prior felony convictions were properly considered by the trial court in enhancing sentence despite the fact that three of those convictions were pending on appeal.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 522