TAYLOR, Presiding Judge.
The appellant, Bobby Bowden Sanford, was convicted of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975. He was sentenced to life in the penitentiary pursuant to the Habitual Felony Offender Act.
The appellant’s sole contention on appeal is that the trial court, erred by denying his motion for a continuance.
“In Arnold v. State, 601 So.2d 145, 156 (Ala.Cr.App.1992), this Court stated:
‘“[A] motion for continuance should be granted where it is made in order to obtain a missing witness or evidence and the following requirements are met:
“ ‘ “(1) the expected evidence must be material and competent; (2) there must be a probability that the evidence will be forthcoming if the case is continued; and (3) the moving party must have exercised due diligence to secure the evidence.”
“ Ex parte Saranthus, 501 So.2d 1256, 1257 (Ala.1986).’ ”
Wesson v. State, 644 So.2d 1302, 1314 (Ala.Cr.App.1994). (Emphasis supplied in Wesson.)
The record reflects that the appellant moved for a continuance after the state’s first witness testified. The appellant’s anticipated defense was an alibi defense. He intended to present evidence showing that at the time of the theft he was riding around with James Nelson and that Nelson had received a traffic ticket while they were riding around. In support of this defense the appellant had subpoenaed Nelson to testify and had subpoenaed Nelson’s driving record. On the second day of trial the appellant realized that Nelson’s driving record had not been delivered to the circuit clerk’s office pursuant to the subpoena duces tecum. Also, Nelson had not been served with a subpoena; however, the reason he was not served does not appear in the record.
The trial court denied the appellant’s motion for a continuance. The appellant failed to satisfy the last two requirements outlined above in Wesson and Saranthus. With regard to Nelson, the appellant did not show that there would be “a probability that the evidence will be forthcoming if the case is continued.” Wesson, 644 So.2d at 1314. The appellant did not make, or attempt to make, a showing that Nelson would be available if the continuance were granted.
Furthermore, the appellant did not demonstrate that he had exercised due diligence in securing Nelson’s presence or his driving record. The record reflects that this case had been set for trial almost 12 months earlier but had been continued several times. The appellant told the trial court that he had filed the subpoena duces tecum asking for production of the driving record when the ease was originally set 12 months earlier. With regard to Nelson, the appellant testified that he had filed a subpoena requiring Nelson’s appearance about three weeks before the trial. The appellant had ample time before trial to determine whether these subpoenas had been served successfully and whether this evidence would be available for trial. Moreover, the appellant waited until the middle of the trial to move for a continuance. This motion was therefore not timely. Furthermore, if the appellant had secured this evidence after trial and found it to be material he could have brought it to the trial court’s attention in a motion for a new trial.
The appellant failed to satisfy the three-pronged test articulated in Wesson and Saranthus; therefore, he has failed to show that the court erred in denying his motion for a continuance. The failure to exercise due diligence in preparing a case for trial constitutes a proper ground for denial of a motion for a continuance. Prock v. State, 471 So.2d 519 (Ala.Cr.App.1985). We hold that the trial court correctly denied the appellant’s motion for continuance.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.