On February 27, 1986, Bulwin Jones was convicted for first-degree rape, first-degree sodomy, and first-degree sexual abuse. He appealed, and this Court affirmed his convictions. Jones filed his first petition for post-conviction relief pursuant to Rule 32, Ala. R.Crim.P., on June 9, 1992. He filed a supplemental Rule 32 petition on August 18, 1992. (C. 81.) On September 11, 1992, the trial court denied both these petitions. (C. 81.)
On June 17, 1997, Jones filed the present Rule 32 petition, in which he attacks the trial court's jurisdiction to enter sentence, asserting the following grounds: (1) that the indictment failed to allege that he committed the acts of rape and sodomy with "forcible compulsion"; (2) that the jury was without jurisdiction to hear the case because, he says, the trial court did not instruct the jury on the elements of the offenses; (3) that he was denied due process because, he says, he was convicted on a charge that was not contained in the indictment; (4) that his Fifth Amendment rights were violated; and (5) that he received ineffective assistance of both trial and appellate counsel. (C. 22-71.) On October 3, 1997, the trial court denied Jones's petition. (C. 81.)
Jones appeals from the trial court's denial of his Rule 32 petition. The standard of review in evaluating the denial of a post-conviction petition is whether the trial court abused its discretion. Elliott v. State, 601 So.2d 1118 (Ala.Cr.App. 1992). If the trial court's ruling denying the petition is correct for any reason, we will not reverse its decision. Mead v. State,449 So.2d 1279 (Ala.Cr.App. 1984). We find that the trial court correctly determined that, as to Jones's convictions for first-degree rape and first-degree sodomy, Jones's Rule 32 petition is procedurally barred.
This petition falls outside of the limitations period. Rule 32.2 (c), Ala. Code 1975, provides that, in the case of a conviction appealed to the Court of Criminal Appeals, a Rule 32 petition must be filed within two years after the issuance of the certificate of judgment. This Court issued a certificate of judgment affirming Jones's conviction on December 9, 1986. (C. 81.) Jones filed the present petition on June 17, 1997 — more than 10 years after this Court affirmed his convictions for first-degree rape, first-degree sodomy, and first-degree sexual abuse. Therefore, Jones's petition is untimely.
Jones also questions the sufficiency of the trial court's order denying his Rule 32 petition. We find that the trial court's order clearly and specifically indicates that it denied Jones's petition because the petition is barred by the limitations period. (C. 81.) The trial court need not hold an evidentiary hearing where it determines that a petition is precluded. Rule 32.7 (d), Ala.R.Crim.P.
Based on the foregoing, the trial court's summary denial of Jones's Rule 32 petition as to Jones's convictions for first-degree rape and first-degree sodomy was proper and is hereby affirmed.
However, with respect to Jones's conviction for first-degree sexual abuse, this case must be remanded for resentencing. Jones was sentenced on March 14, 1986, to three 30-year prison terms for first-degree rape, first-degree sodomy, and first-degree sexual abuse, and the sentences were to be served concurrently. (C. 3.) However, as a Class C felony, first-degree sexual abuse carries a maximum sentence of 10 years' imprisonment. § 13A-5-6, Ala. Code 1975. Therefore, unless Jones has prior felony convictions that were used to enhance his sentence under the Habitual Felony Offender Act, Jones's 30-year sentence for first-degree sexual abuse exceeds that allowed by law.
The trial court denied Jones's petition on procedural grounds. Whether a sentence is excessive, however, is a jurisdictional issue, which is not precluded by the limitations period or by the rule against successive petitions. If a sentence imposed by the trial court exceeds that allowed by law, then this issue may be raised in a Rule 32 petition. Rule 32.2 (a)(3), Ala.R.Crim.P., provides that "[a] petitioner will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1 (b)." Jones's claim arises under *Page 77 
Rule 32.1 (c), Ala.R.Crim.P., and is therefore not subject to the two-year limitations period. See Rolling v. State, 673 So.2d 812
(Ala.Cr.App. 1995); Roberts v. State, 563 So.2d 1072 (Ala.Cr.App. 1990); and Ladd v. State, 577 So.2d 926 (Ala.Cr.App. 1990).
A review of the transcript of Jones's sentencing hearing shows that no prior felony convictions were used to enhance Jones's sentence. In fact, the trial court stated at sentencing that "this [was] the first serious offense that he's been charged with or convicted of" (T.R. 4.)
Therefore, this case must be remanded for the trial court to resentence Jones on the conviction for first-degree sexual abuse to not more than 10 years, in accordance with § 13A-5-6, Ala. Code 1975. The trial court shall take necessary action to see that the circuit court makes due return to this Court at the earliest possible time and within 70 days of the release of this opinion. The return to remand shall include a transcript of any proceedings conducted by the trial court.
REMANDED FOR RESENTENCING.*
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.
* Note from the reporter of decisions: On August 2, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.