The appellant, Ezell Crenshaw, appeals from the trial court's denial of his Rule 32, Ala.R.Crim.P., petition as successive. The appellant entered guilty pleas to, and was subsequently convicted of two counts of robbery in the third degree. He was sentenced as a habitual offender to two concurrent life sentences.
In his petition, the appellant states the following claims as grounds for post-conviction relief: (1) the summary dismissal was improper because, he says, his sentence was improperly enhanced by a prior conviction that was subsequently set aside; (2) (a) his sentence was illegal because, he says, a conviction used in enhancing resulted from a felony committed on the same day as the felony at issue here, and because an enhancing felony conviction was subsequently set aside; (b) he says he *Page 479 
should have been allowed to amend his petition to assert the arguments that he was denied a sentencing hearing and that he was never actually adjudicated guilty; and (3) his guilty plea was involuntary because, he says, he was misinformed of the correct minimum and maximum sentences.
 I.
The appellant argues that the trial court erred in summarily dismissing his petition without conducting an evidentiary hearing and without making specific findings of fact pursuant to Rule 32.9(d), Ala.R.Crim.P. Specifically, he argues that "his sentences were illegally enhanced, as a matter of law, by the conviction for theft of property I that was set aside." Additionally, he argues that "the trial court did not have jurisdiction to sentence him as an Habitual Offender with the three prior felonies that the state stipulated and that his sentences are not authorized by law."
At the time of his robbery convictions, the appellant had three prior state felony convictions in addition to a federal conviction the specifics of which were unfamiliar to the State. He signed a guilty plea agreement that indicated that he would receive a minimum sentence of 15 years' imprisonment and a maximum sentence of 99 years to life. Pursuant to the Habitual Felony Offender Act, the appellant's sentences were enhanced, based on three prior convictions. The appellant admitted the prior convictions and stated that he was represented by counsel in all three proceedings. Subsequent to the trial court's summary dismissal of the petition, this Court reversed the appellant's theft of property conviction, which was one of the three felonies used for sentence enhancement. See Crenshaw v. State, [Ms. CR-97-0759, March 12, 1998]728 So.2d 722 (Ala.Cr.App. 1998).
An examination of the record reveals that at the time the appellant pleaded guilty to the robbery charges, he was given correct information by the trial court regarding sentence enhancement. See § 13A-5-9(c)(1), Ala. Code 1975. ("In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows: (1) On conviction of a Class C felony, he must be punished for life or for any term not more than 99 years but not less than 15 years.") The appellant's sentences were for life imprisonment, and were therefore, legally authorized sentences, whether the appellant had two or three prior convictions. See § 13A-5-9(b)(1), Ala. Code 1975. ("In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows: (1) On conviction of a Class C felony, he must be punished for a Class A felony.")
Nevertheless, this Court, out of an abundance of caution, finds that in the interest of fundamental fairness to both the appellant and the trial court, this cause must be remanded to the trial court to allow that court to address the appellant's argument that he was improperly sentenced by the use of a conviction that was subsequently set aside. It is undisputed that "`a conviction that has been set aside or reversed may not be used to enhance [a] penalty.'" Prock v. State, 471 So.2d 519, 521 (Ala.Cr.App. 1985) (quoting 24B C.J.S. Criminal Law § 1960(6) (1962)). If the trial court finds that the appellant's argument has merit, it will then have an opportunity to resentence the appellant in accordance with the Habitual Felony Offender Act.
 II.
The appellant argues that his sentence was illegal because, he says, one of the felonies used for enhancement was committed on the same day as the enhanced felony and because another enhancing felony was set aside. Additionally, he argues that his sentence was illegal because, he says, he was not allowed to amend his petition to include the argument *Page 480 
that he was denied a sentencing hearing and that he was never adjudicated guilty.
These arguments, with the exception of the argument regarding improper enhancement with a prior felony that was subsequently set aside (discussed in Part I of this opinion), were never presented to the trial court and were, therefore, not preserved for appellate review. Stallworth v. State, 690 So.2d 551 (Ala.Cr.App. 1997); Clay v. State, 687 So.2d 1245 (Ala.Cr.App. 1996).
 III.
The appellant argues that because one of the prior convictions used to enhance his sentence was subsequently set aside, he was misinformed of the correct minimum and maximum sentence, and that, therefore, his plea of guilty was involuntary. As stated in Part I of this opinion, the appellant was correctly informed of the minimum and maximum sentences when he entered his guilty plea; the fact that one of the appellant's prior convictions was subsequently set aside does not alter the range of sentence that was to be imposed. Therefore, the appellant should not be allowed to withdraw his guilty plea.
This cause is remanded with instructions consistent with this opinion. The trial court should conduct a sentencing hearing and ensure that a transcript of the proceedings is included with the return to remand. The trial court shall take all action in sufficient time to permit the circuit clerk to make a proper return to this court within 42 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
Long, P.J., and Cobb, Brown, and Baschab, JJ., concur.