The appellant, Samuel Lee Giles III, filed a Rule 32, Ala.R.Crim.P., petition, attacking his guilty-plea convictions for second-degree criminal possession of a forged instrument and second-degree theft of property. He was sentenced to 16 years' imprisonment for each conviction, the sentences to be served concurrently.
In his petition, Giles raised three issues: (1) that his sentences of 16 years' imprisonment exceeded the maximum allowed by law; (2) that his guilty pleas were involuntarily entered because, he says, (a) he had agreed to plead guilty in exchange for two 15-year sentences, but instead received two 16-year sentences and (b) he did not know he was pleading guilty to both charges until the guilty-plea proceedings; and (3) that he was denied the effective assistance of counsel because, he says, counsel did not allow him to withdraw his guilty pleas or to appeal the convictions. The State moved to dismiss, and the trial court summarily denied Giles's petition.
On appeal, Giles argues only that his two 16-year sentences exceed the maximum allowed by law. As support for this claim, he contends that he was not sentenced pursuant to the Habitual Felony Offender Act ("HFOA"). It is unclear from the record whether the HFOA was invoked during Giles's sentencing proceedings. If his claim that the HFOA was not invoked is true, Giles is entitled to relief, because his 16- year sentences exceed the maximum allowed by law for the offenses of second-degree criminal possession of a forged instrument and second-degree theft of property. SeeJones v. State, 724 So.2d 75, 76 (Ala.Crim.App. 1998). Therefore, this matter is remanded for the Montgomery Circuit Court to make specific findings of fact regarding this claim and to conduct an evidentiary hearing if necessary.
Because Giles does not argue on appeal the remaining issues presented in his petition, he is deemed to have abandoned those issues. Brownleev. State, 666 So.2d 91 (Ala.Crim.App. 1995). Accordingly, the trial court need not address those issues on remand. Due return shall be made to this Court within 56 days of the date of this opinion.
REMANDED WITH DIRECTIONS.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.