On Return to Remand
We remanded this case to the Montgomery Circuit Court for that court to determine whether Samuel Lee Giles III's two 16-year sentences exceed the maximum allowed by law. Giles v. State, [Ms. CR-01-2067, Jan. 31, 2003]875 So.2d 334 (Ala.Crim.App. 2003). Giles had previously been convicted of second-degree criminal possession of a forged instrument and second-degree theft of property. He contended that he was not sentenced pursuant to the Habitual Felony Offender Act ("HFOA"), and, therefore, that his sentences, which were to be served concurrently, were illegal. § 13A-5-6, Ala. Code 1975. As Class C felonies, the maximum sentence for these offenses is 10 years. This Court instructed the circuit court to determine whether the HFOA was invoked during the appellant's sentencing proceedings. The circuit court has now filed its return; its order states:
 "The Honorable Alabama Court of Criminal Appeals having remanded this matter to this Court with instructions that the court make specific written *Page 336 
findings regarding whether the Alabama Habitual Felony Offender Act was invoked in this case to warrant the sentence of 16 years on the two Class C felonies.
 "Accordingly this court having held an hearing and the District Attorney's Office being represented and the defendant did appear and after reviewing the record which states that the defendant originally agreed to plead guilty in exchange for two 15-year sentences.
 "In conclusion, the court hereby sets aside the two 16-year sentences and sentence the defendant to two 15-year sentences to run concurrently and commence the date of the original sentence."
Because the circuit court's order did not address Giles's claim that he was not sentenced as a habitual offender, Giles has requested that this Court again remand the case to the circuit court for determination of that issue. If Giles's claim is true, he is entitled to relief, because his 15-year sentences exceed the maximum allowed by law for the offenses of second-degree criminal possession of a forged instrument and second-degree theft. See Jones v. State, 724 So.2d 75, 76 (Ala.Crim.App. 1998). Accordingly, this matter is again remanded to the Montgomery Circuit Court for that court to make specific findings of fact regarding this claim and to hold an evidentiary hearing if necessary. Due return shall be made to this Court within 35 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On September 19, 2003, on return to second remand, the Court of Criminal Appeals affirmed, without opinion.