On March 24, 1993, the appellant, Marvin Bernard McMillian, was convicted of attempted murder. On April 9, 1993, the trial court sentenced him, as a habitual offender, to serve a term of life in prison. See § 13A-5-9(b)(3), Ala. Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on September 1, 1998. See McMillian v. State, (No. CR-96-1485) 738 So.2d 933 (Ala.Crim.App. 1998) (table). On February 8, 2005, the appellant filed a Rule 32 petition, challenging his sentence. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that his sentence is illegal. Specifically, he contends that, because the two second-degree receiving stolen property convictions that were used to enhance his sentence have since been vacated, he is entitled to be resentenced. In its order dismissing the petition, the circuit court stated:
 "Petitioner seeks relief alleging that the life sentence imposed after his conviction of attempted murder is illegal and unauthorized by law. At the time of the imposition of the sentence Petitioner had two convictions out of Baldwin County for receiving stolen property second degree. Those convictions were subsequently vacated by the Alabama Court of Criminal Appeals because they were not lesser included offenses of theft of property, the offense with which Petitioner was charged.
 "The docket sheet in the attempted murder case reflects that the State filed a `Motion for Habitual Offender Status' and also reflects that, `Defendant is sentenced to the State Penitentiary for the term of life. On motion of the State defendant is sentenced as a habitual offender.'
 "Nonetheless, the life sentence is clearly authorized by law, the penalty range for attempted murder being life or not more than 99 years or less than 10 years. Therefore, Petitioner's sentence is not illegal."
(C.R. 46.)
However, in McClintock v. State, 773 So.2d 1057, 1058-59
(Ala.Crim.App. 2000), we addressed a similar situation as follows:
 "In his Rule 32 petition, which was filed on June 24, 1999, McClintock claimed that his life sentence for first-degree escape was illegal because, he said, one of the convictions that was used to enhance his sentence, specifically, his 1986 conviction in Jefferson County for the sale of a controlled substance, case no. CC-85-2744, had been set aside in January 1989. On October 12, 1999, the circuit court entered an order summarily *Page 436 
dismissing McClintock's petition, stating as grounds that McClintock had raised this same claim in a prior postconviction petition, filed in February 1989, and that, therefore, his present petition was successive under Rule 32.2(b), Ala. R.Crim. P.
 "The record reflects th[at] McClintock's first postconviction petition was summarily dismissed by an order of the circuit court entered in April 1989. In that order, the circuit found that although McClintock's conviction in case no. CC-85-2744 had been, as McClintock alleged, set aside in January 1989, it was unnecessary to resentence McClintock because, the circuit court reasoned, McClintock's sentence of life imprisonment was within the range authorized under the Habitual Felony Offender Act for a defendant upon conviction of a Class B felony where the defendant has been previously convicted of any two felonies. See § 13A-5-9(b), Ala. Code 1975 (`In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows: . . . (2) On conviction of a Class B felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.')
 "`"`[A] conviction that has been set aside or reversed may not be used to enhance [a] penalty.'" Prock v. State, 471 So.2d 519, 521 (Ala.Cr.App. 1985) (quoting 24B C.J.S. Criminal Law § 1960(6) (1962)).' Crenshaw v. State, 740 So.2d 478, 479
(Ala.Cr.App. 1998). Because McClintock's conviction in case no. CC-85-2744 was set aside in January 1989, McClintock was entitled to be resentenced for his first-degree escape conviction, with the circuit court considering only two prior felony convictions (i.e., the 1976 conviction in Shelby County for second-degree burglary and the 1980 conviction in Washington for first-degree robbery) for enhancement purposes under the Habitual Felony Offender Act. However, the circuit court's April 1989 order, which indicated merely that McClintock's life sentence was within the authorized statutory range, fails to establish that McClintock was properly resentenced using two prior felony convictions, rather than three, for enhancement. Because McClintock has not received a sentencing hearing at which only two prior felony convictions were considered for enhancement purposes, his sentence is illegal. Therefore, the claim in his present Rule 32 petition is not (as the circuit court found in its October 12, 1999, order of dismissal) subject to the procedural bar of Rule 32.2(b), Ala. R.Crim. P. See Jones v. State, 724 So.2d 75, 76 (Ala.Cr.App. 1998).
 "Under § 13A-5-9(c)(2), Ala. Code 1975, a sentence of life imprisonment is mandatory upon conviction of a Class B felony where three prior felony convictions have been proven. However, under § 13A-5-9(b)(2), Ala. Code 1975, a broad range of possible sentences may be imposed upon conviction of a Class B felony where only two prior felony convictions have been proven. Notwithstanding the fact that, as the circuit court indicated in its April 1989 order, McClintock's sentence of life imprisonment was within the range authorized under the Habitual Felony Offender Act for a defendant upon conviction of a Class B felony where the defendant has been previously convicted of any two felonies, fundamental fairness requires that this cause be remanded for a new sentencing hearing, so that it may be established with certainty that the circuit *Page 437 
court has exercised the discretion allowed it under § 13A-5-9(b)(2) in imposing McClintock's sentence. See Pickens v. State, 475 So.2d 637, 640 (Ala.Cr.App. 1985). Accordingly, this cause is remanded with directions for the circuit court to conduct a new sentencing hearing in accordance with this opinion. The circuit court may impose a sentence within the statutory range set forth in § 13A-5-9(b)(2), Ala. Code 1975. The circuit court should specifically state that it is resentencing McClintock without considering his conviction in case no. CC-85-2744."
See also Capps v. State, 747 So.2d 358 (Ala.Crim.App. 1999);Crenshaw v. State, 740 So.2d 478 (Ala.Crim.App. 1998).
In this case, both of the prior felony convictions that were used to enhance the appellant's sentence have since been vacated. Therefore, we remand this case to the circuit court with instructions that that court conduct a new sentence hearing and sentence the appellant without the application of the Habitual Felony Offender Act. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the release of this opinion. The return to remand shall include a transcript of the new sentencing hearing.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On January 20, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 1045