The appellant, Larry Darnell Cole, appeals from the summary dismissal of second Rule 32, Ala. R.Crim. P., postconviction petition challenging his 2001 guilty-plea conviction for first-degree assault and sentence of 30 years' imprisonment, as a habitual offender with two prior convictions.[1] This Court affirmed that conviction on direct appeal by an unpublished memorandum issued on August 24, 2001; the certificate of judgment was issued on July 16, 2002. Cole v. State
(No. CR-00-1103), 837 So.2d 890 (Ala.Crim.App. 2001)(table). This Court affirmed the denial of his first Rule 32 petition by an unpublished memorandum on October 24, 2003. Cole v.State (No. CR-02-1313), 897 So.2d 1248
(Ala.Crim.App. 2003)(table).
Cole claims that the trial court was without jurisdiction to render judgment or to impose sentence because one of the prior felony convictions (CC-78-69) used to enhance his sentence under the Habitual Felony Offender Act had been dismissed. Cole asserts that because he has only one remaining felony conviction, the sentence imposed pursuant to §13A-5-9(b)(2), Ala. Code 1975, must to be vacated, and he should be afforded a new sentencing hearing. Cole further argues that at a new sentencing hearing, the judge would have an opportunity to take into account that he "has continued to improve upon himself while incarcerated" and consider alternatives to long-term confinement "since he does not pose any serious danger to society at large." *Page 775 
The State does not dispute that Cole's conviction for unlawful possession of a controlled substance was dismissed by the Escambia Circuit Court. Cole has included as an exhibit to his Rule 32 petition a certified copy of the court order granting his petition for relief from conviction and sentence (CC-78-69) signed by Circuit Judge Bradley E. Byrne and dated April 6, 2005.
The trial court's order denying Cole's second Rule 32 petition reads, in pertinent part:
 "Petitioner's claim is without merit: under Ala. Code § 13A-5-9(a)(2), a defendant who has been previously convicted of a Class B felony must be punished for a Class A felony. The punishment for a Class A felony is a term of ten to 99 years or life in prison. Ala. Code 13A-5-6(a)(1). Petitioner' sentence of 30 years falls within the permitted range of punishment."[2]
However, in McClintock v. State, 773 So.2d 1057,1058-59 (Ala.Crim.App. 2000), we addressed a similar situation:
 "In his Rule 32 petition, which was filed on June 24, 1999, McClintock claimed that his life sentence for first-degree escape was illegal because, he said, one of the convictions that was used to enhance his sentence, specifically, his 1986 conviction in Jefferson County for the sale of a controlled substance, case no. CC-85-2744, had been set aside in January 1989. On October 12, 1999, the circuit court entered an order summarily dismissing McClintock's petition, stating as grounds that McClintock had raised this same claim in a prior postconviction petition, filed in February 1989, and that, therefore, his present petition was successive under Rule 32.2(b), Ala. R.Crim. P.
 "The record reflects th[at] McClintock's first postconviction petition was summarily dismissed by an order of the circuit court entered in April 1989. In that order, the circuit [court] found that although McClintock's conviction in case no. CC-85-2744 had been, as McClintock alleged, set aside in January 1989, it was unnecessary to resentence McClintock because, the circuit court reasoned, McClintock's sentence of life imprisonment was within the range authorized under the Habitual Felony Offender Act for a defendant upon conviction of a Class B felony where the defendant has been previously convicted of any two felonies. See § 13A-5-9(b), Ala. Code 1975 ('In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows: . . . (2) On conviction of a Class B felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years').
 "`"`[A] conviction that has been set aside or reversed may not be used to enhance [a] penalty.'" Prock v. State, 471 So.2d 519, 521
(Ala.Cr.App. 1985) (quoting 24B C.J.S. Criminal Law § 1960(6) (1962)).' Crenshaw v. State, 740 So.2d 478, 479 (Ala.Cr.App. 1998). Because McClintock's conviction in case no. CC-85-2744 was set aside in January 1989, McClintock was entitled to be resentenced for his first-degree escape conviction, with the circuit court considering only two prior felony convictions (i.e., the 1976 conviction in Shelby County for second-degree burglary and *Page 776 
the 1980 conviction in Washington for first-degree robbery) for enhancement purposes under the Habitual Felony Offender Act. However, the circuit court's April 1989 order, which indicated merely that McClintock's life sentence was within the authorized statutory range, fails to establish that McClintock was properly resentenced using two prior felony convictions, rather than three, for enhancement. Because McClintock has not received a sentencing hearing at which only two prior felony convictions were considered for enhancement purposes, his sentence is illegal. Therefore, the claim in his present Rule 32 petition is not (as the circuit court found in its October 12, 1999, order of dismissal) subject to the procedural bar of Rule 32.2(b), Ala. R.Crim. P. See Jones v. State, 724 So.2d 75, 76
(Ala.Cr.App. 1998).
 "Under § 13A-5-9(c)(2), Ala. Code 1975, a sentence of life imprisonment is mandatory upon conviction of a Class B felony where three prior felony convictions have been proven. However, under § 13A-5-9(b)(2), Ala. Code 1975, a broad range of possible sentences may be imposed upon conviction of a Class B felony where only two prior felony convictions have been proven. Notwithstanding the fact that, as the circuit court indicated in its April 1989 order, McClintock's sentence of life imprisonment was within the range authorized under the Habitual Felony Offender Act for a defendant upon conviction of a Class B felony where the defendant has been previously convicted of any two felonies, fundamental fairness requires that this cause be remanded for a new sentencing hearing, so that it may be established with certainty that the circuit court has exercised the discretion allowed it under § 13A-5-9(b)(2) in imposing McClintock's sentence. See Pickens v. State, 475 So.2d 637, 640 (Ala.Cr.App. 1985). Accordingly, this cause is remanded with directions for the circuit court to conduct a new sentencing hearing in accordance with this opinion. The circuit court may impose a sentence within the statutory range set forth in § 13A-5-9(b)(2), Ala. Code 1975. The circuit court should specifically state that it is resentencing McClintock without considering his conviction in case no. CC-85-2744."
See also Capps v. State, 747 So.2d 358
(Ala.Crim.App. 1999); Crenshaw v. State, 740 So.2d 478
(Ala.Crim.App. 1998); Russaw v. State, 947 So.2d 429
(Ala.Crim.App. 2006).
For the reasons set forth herein, we must remand this case to the circuit court with instructions that it make specific, written findings of fact as to whether Cole's conviction in case no. CC-78-69 was dismissed and therefore could not be used to enhance his sentence in this case. On remand, the circuit court may require the State to respond more specifically to Cole's claim and/or to take affidavits or conduct an evidentiary hearing on that claim. If the circuit court determines that Cole's sentence was improperly enhanced using case no. CC-78-69, it shall resentence him as a habitual offender with one prior felony convictions pursuant to § 13A-5-9(b)(1), Ala. Code 1975. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact; any additional response by the State; affidavits or a transcript of the evidentiary hearing, if any; a new *Page 777 
sentencing order, if any; and a transcript of the new sentencing hearing, if any.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] Cole originally pleaded guilty to second-degree robbery in addition to assault; that conviction was reversed by the Alabama Supreme Court on June 28, 2002, because the indictment charging him with first-degree robbery had been improperly amended to charge him with second-degree robbery. See Exparte Cole, 842 So.2d 605 (Ala. 2002).
[2] We note that Judge John R. Lockett was the trial judge in Cole's original guilty-plea proceeding, as well as in both his Rule 32 petitions.
* Note from the reporter of decisions: On September 22, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion.