On January 16, 2002, the appellant, Robert Gene Russaw, was convicted of unlawful possession of a controlled substance. On February 5, 2002, the trial court sentenced him, as a habitual offender, to serve a term of twenty-seven or twenty-eight[1] *Page 430 
years in prison. See § 13A-5-9(c)(1), Ala. Code 1975. We ultimately affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on September 24, 2002. See Russaw v. State, (CR-01-1055) 868 So.2d 484
(Ala.Crim.App. 2002) (table). On February 15, 2005, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that his sentence exceeds the maximum authorized by law or is otherwise not authorized by law because
 1) the district attorney allegedly misled the trial court regarding the law pertaining to good time and parole; and
 2) one of the prior convictions that was used to enhance his sentence had been dismissed.
Although the appellant couches it in jurisdictional terms, Claim 1 is actually a nonjurisdictional claim that is precluded because he could have raised it at trial and on appeal, but did not, and because it is time-barred. See Rules 32.2(a)(3), (a)(5), and (c), Ala. R.Crim. P.
With regard to Claim 2, the appellant specifically contends that the trial court "improperly considered a prior felony conviction that was reversed and remanded by the Alabama court of criminal appeals, And subsequently dismissed on a motion of the state, (See; entry 8/4/93, Case action summary in Caseno. CC-91-520)." (C.R. 11.) The record from the direct appeal in this case shows that the trial court relied on the appellant's convictions in case numbers CC-78-178, CC-91-569, and CC-91-570 to enhance his sentence in this case. The record from the direct appeal in case number CC-91-570 shows that, on April 16, 1993, this court reversed the appellant's conviction and remanded the case for further proceedings.[2] SeeRussaw v. State, 624 So.2d 234 (Ala.Crim.App. 1993). The case action summary sheet entry for 8/4/93 in case number CC-91-570 states, in pertinent part: "Dismissed on State's motion." (A.C.R. 30.) Finally, the district attorney conceded that one of the appellant's prior convictions had been overturned. (C.R. 20.) Therefore, it appears that the appellant's argument may be meritorious.[3]
In its order denying the petition, the circuit court stated, in pertinent part: "Rule 32 petition denied as sentence was within the allowable range. . . ." (C.R. 1, 22.) However, inMcClintock v. State, 773 So.2d 1057, 1058-59
(Ala.Crim.App. 2000), we addressed a similar situation as follows:
 "In his Rule 32 petition, which was filed on June 24, 1999, McClintock claimed that his life sentence for first-degree escape was illegal because, he said, one of the convictions that was used to enhance his sentence, specifically, his 1986 conviction in Jefferson County for the sale of a controlled substance, case no. CC-85-2744, had been set aside in January 1989. On October 12, 1999, the circuit court entered an order summarily dismissing McClintock's petition, stating as grounds that McClintock had raised this same claim in a prior postconviction petition, filed in February 1989, and that, therefore, his present petition was successive under Rule 32.2(b), Ala. R.Crim. P. *Page 431 
 "The record reflects th[at] McClintock's first postconviction petition was summarily dismissed by an order of the circuit court entered in April 1989. In that order, the circuit [court] found that although McClintock's conviction in case no. CC-85-2744 had been, as McClintock alleged, set aside in January 1989, it was unnecessary to resentence McClintock because, the circuit court reasoned, McClintock's sentence of life imprisonment was within the range authorized under the Habitual Felony Offender Act for a defendant upon conviction of a Class B felony where the defendant has been previously convicted of any two felonies. See § 13A-5-9(b), Ala. Code 1975 (`In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows: . . . (2) On conviction of a Class B felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.')
 "`"`[A] conviction that has been set aside or reversed may not be used to enhance [a] penalty.'" Prock v. State, 471 So.2d 521
(Ala.Cr.App. 1985) (quoting 24B C.J.S. Criminal Law § 1960(6) (1962)).' Crenshaw v. State, 740 So.2d 478, 479 (Ala.Cr.App. 1998). Because McClintock's conviction in case no. CC-85-2744 was set aside in January 1989, McClintock was entitled to be resentenced for his first-degree escape conviction, with the circuit court considering only two prior felony convictions (i.e., the 1976 conviction in Shelby County for second-degree burglary and the 1980 conviction in Washington for first-degree robbery) for enhancement purposes under the Habitual Felony Offender Act. However, the circuit court's April 1989 order, which indicated merely that McClintock's life sentence was within the authorized statutory range, fails to establish that McClintock was properly resentenced using two prior felony convictions, rather than three, for enhancement. Because McClintock has not received a sentencing hearing at which only two prior felony convictions were considered for enhancement purposes, his sentence is illegal. Therefore, the claim in his present Rule 32 petition is not (as the circuit court found in its October 12, 1999, order of dismissal) subject to the procedural bar of Rule 32.2(b), Ala. R.Crim. P. See Jones v. State, 724 So.2d 75, 76
(Ala.Cr.App. 1998).
 "Under § 13A-5-9(c)(2), Ala. Code 1975, a sentence of life imprisonment is mandatory upon conviction of a Class B felony where three prior felony convictions have been proven. However, under § 13A-5-9(b)(2), Ala. Code 1975, a broad range of possible sentences may be imposed upon conviction of a Class B felony where only two prior felony convictions have been proven. Notwithstanding the fact that, as the circuit court indicated in its April 1989 order, McClintock's sentence of life imprisonment was within the range authorized under the Habitual Felony Offender Act for a defendant upon conviction of a Class B felony where the defendant has been previously convicted of any two felonies, fundamental fairness requires that this cause be remanded for a new sentencing hearing, so that it may be established with certainty that the circuit court has exercised the discretion allowed it under § 13A-5-9(b)(2) in imposing McClintock's sentence. See Pickens v. State, 475 So.2d 637, 640 (Ala.Cr.App. 1985). Accordingly, this cause is *Page 432 
remanded with directions for the circuit court to conduct a new sentencing hearing in accordance with this opinion. The circuit court may impose a sentence within the statutory range set forth in § 13A-5-9(b)(2), Ala. Code 1975. The circuit court should specifically state that it is resentencing McClintock without considering his conviction in case no. CC-85-2744."
See also Capps v. State, 747 So.2d 358
(Ala.Crim.App. 1999); Crenshaw v. State, 740 So.2d 478
(Ala.Crim.App. 1998).
For the reasons set forth herein, we must remand this case to the circuit court with instructions that it make specific, written findings of fact as to whether the appellant's conviction in case number CC-91-570 was dismissed and therefore could not be used to enhance his sentence in this case. On remand, the circuit court may require the State to respond more specifically to the appellant's claim and/or take affidavits or conduct an evidentiary hearing on that claim. If the circuit court determines that the appellant's sentence was improperly enhanced using case number CC-91-570, it shall resentence him as a habitual offender with two prior felony convictions pursuant to § 13A-5-9(b)(1), Ala. Code 1975. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact; any additional response by the State; affidavits or a transcript of the evidentiary hearing, if any; a new sentencing order, if any; and a transcript of the new sentencing hearing, if any.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] We have taken judicial notice of the record from the appellant's direct appeal. See Nettles v. State,731 So.2d 626 (Ala.Crim.App. 1998). The case action summary sheet indicates that the trial court sentenced the appellant to serve a term of twenty-seven years in prison. (A.C.R. 4, 32.) However, the transcript of the sentencing hearing indicates that the trial court sentenced the appellant to serve a term of twenty-eight years in prison. (R. 82.) On remand, the circuit court should specify which sentence it imposed.
[2] We have taken judicial notice of the record from the appellant's direct appeal in that case as well. SeeNettles, supra.
[3] Although the State argues that the appellant refers to case number CC-91-520, the information regarding case number CC-91-570 corresponds with his remaining allegations as to this claim. Therefore, it appears that he simply referenced the incorrect case number.
* Note from the reporter of decisions: On June 16, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion. Criminal Appeals affirmed, without opinion.